**RUSING LOPEZ & LIZARDI, P.L.L.C.**
6363 North Swan Road, Suite 151
Tucson, Arizona 85718
Telephone: (520) 792-4800
Facsimile: (520)529-4262
jsaffer@rllaz.com
mdeweerdt@rllaz.com

Jonathan M. Saffer
State Bar No. 022004
Matthew P. DeWeerdt
State Bar No. 039442
*Attorneys for Plaintiff, Pedal Crawler Tours Tucson, LLC*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Pedal Crawler Tours Tucson, LLC,<br><br>  Plaintiff/Counterdefendant,<br><br>vs.<br><br>Scottsdale Party Bikes, LLC; Scottsdale Party Bus Crawler, LLC; and Scottsdale Pink Pedal Tours, LLC,<br><br>  Defendants/Counterclaimant(s). | NO. 2:25-cv-00841-DWL<br><br>**JOINT MEMORANDUM PURSUANT TO THE COURT'S MARCH 20, 2025, ORDER**<br><br>(Assigned to Hon. Dominic W. Lanza) |
| Scottsdale Party Bikes, LLC,<br><br>  Counterclaimant,<br><br>v.<br><br>Pedal Crawler Tours Tucson, LLC,<br><br>  Counterdefendant. | |

Pursuant to the Court's order filed on March 20, 2025 ("Order"), Plaintiff, Pedal Crawler Tours Tucson, LLC ("Plaintiff"), and Defendants, Scottsdale Party Bikes, LLC,

Scottsdale Party Bus Crawler, LLC, and Scottsdale Pink Pedal Tours LLC (collectively, "Defendants"), hereby report as follows:

1. On April 7, 2025, pursuant to the Order, counsel participated in a Zoom conference and conferred regarding the Order and discussed potential settlement of the matter.

2. After conferring, the Parties agreed to meet again on April 9, 2025, to discuss settlement. The Parties progressed in their settlement negotiations and, on April 14, 2025, jointly moved the Court to extend the deadline to submit a joint memorandum.

3. Furthermore, on April 15, 2025, counsel for the Parties participated in a Zoom conference and continued their settlement discussions. The parties continue to progress in their settlement negotiations.

4. On April 16, 2025, the Court granted the Parties' stipulation to extend the deadline for filing this joint memorandum to April 30, 2025.

5. The Parties were unable to agree on an appropriate briefing schedule and procedure for limited discovery and evidence for a preliminary injunction hearing. The Parties' respective positions and proposals are included below:

**Plaintiff's Position**

Plaintiff has done business as Arizona Party Bike and Scottsdale Party Bike since 2014 and 2015, respectively. On December 10, 2024, Plaintiff sent correspondence to an identical, up-and-coming business calling itself "Scottsdale Party Bikes," with a domain name also one letter off from Plaintiff's, to cease-and-desist its unfair competition and infringement on Plaintiff's intellectual property rights. Plaintiff received no response, and initiated litigation seeking a temporary restraining order and a preliminary injunction. On the eve of the TRO hearing, Defendants obtained counsel and removed the matter to this Court. (Doc. 1) Pursuant to the Court's order to meet and confer on how to approach the pending applications

Rusing Lopez & Lizardi, P.L.L.C.
6363 North Swan Road, Suite 151
Tucson, Arizona 85718
Telephone: (520) 792-4800

**Rusing Lopez & Lizardi, P.L.L.C.**
6363 North Swan Road, Suite 151
Tucson, Arizona 85718
Telephone: (520) 792-4800

1  for a TRO and preliminary injunction (Doc. 7), it became clear that Defendants' infringement
2  continued largely through their collective activities on the internet, as opposed to street
3  operations which purportedly were not active. The Parties agreed that addressing Plaintiff's
4  claim for preliminary relief was more appropriate in the context of a preliminary injunction,
5  not a TRO, after an opportunity to perform limited discovery. (Doc. 8) Additionally, the
6  parties stipulated to discuss settlement in good faith prior to launching those proceedings.
7  (Doc. 8) Settlement discussions advanced, the parties agreed to extend the time to meet and
8  confer by two weeks, and immediately thereafter Defendants' obtained new counsel. (Doc.
9  17; Doc. 18; Doc. 19). Very quickly, after several opportunities to meet and confer, it became
10 clear that the utility in discussing settlement had run its course and proceeding with the
11 preliminary injunction, with limited discovery as contemplated in the parties' stipulation, was
12 necessary.

13     Discovery is important in this proceeding to obtain, analyze, and articulate technical
14 data pertaining to Defendants web activities through advertising, as well as internet traffic
15 diverted from Plaintiff's internet presence to Defendants'. We contemplate needing an expert
16 witness to process and articulate those phenomena. This information is important to articulate
17 the manifestation of Defendants' infringement, the effect of the confusing similarity of their
18 marks, and the real-world irreparable harm this has on Plaintiff's market share and goodwill.
19 In defining what discovery to perform, Plaintiffs and Defendants diverge in two material
20 respects. The first is the volume of discovery. Defendants propose one-fifth of the volume
21 of this Court's cap on requests for production, requests for admission, and interrogatories,
22 and requests that this cap be "per side." To ensure that the volume it may apportion across
23 the Defendants is workable, Plaintiff proposes fifteen of each such request, "per side." In
24 this Court's standard case management order, "[a] party" may serve its requests "on any other
25 party." *See* Hon. Judge Lanza's Standard Case Management Order, ¶4. Plaintiff seeks to

avoid the situation, for example, where each Defendant sends fifteen requests for production to Plaintiff, and Plaintiff is required to apportion its fifteen requests across the three Defendants. As a compromise Plaintiff preserves the language, "per side," and increases the volume to fifteen. Any of this "evidence that is received on the motion and that would be admissible at trial becomes part of the trial record and need not be repeated at trial," which mitigates concerns that Plaintiff's proposed volume of discovery is excessive. *See* Fed. R. Civ. P. 65(a)(2).

Second, the parties diverge on timing. It is much more appropriate for Defendants to respond to the application for preliminary injunction in May as opposed to August in order to permit the Parties to ascertain what areas of discovery to focus on. Accordingly, Plaintiff requests the following briefing schedule and procedure for limited discovery and evidence for a preliminary injunction hearing:

A. The Parties shall propound limited discovery on or before May 15, 2025. Discovery shall be limited to no more than fifteen (15) interrogatories, fifteen (15) requests for production, and fifteen (15) requests for admissions, per side. Depositions shall be limited to three (3) hours each, with no more than three depositions per side, not including depositions of any Party's experts.

B. Defendants shall respond to Plaintiff's Application for Preliminary Injunction on or before May 15, 2025.

C. Plaintiff shall reply to Defendants' response to Plaintiff's Application for Preliminary Injunction on or before May 29, 2025.

D. The Parties shall identify expert witnesses, if any, on or before May 30, 2025.

E. Discovery responses shall be due on or before June 13, 2025.

F. Export reports shall be due, and all non-expert discovery, including depositions, completed by July 11, 2025.

G. All expert discovery, including depositions, shall be completed by August 8, 2025.

H. The Parties and their counsel shall meet and engage in good faith settlement talks no later than August 8, 2025. Upon completion of such settlement talks, and in no event later than August 22, 2025, the parties shall file with the Court a joint report on settlement talks executed by or on behalf of all counsel. The report shall inform the Court that good faith settlement talks have been held and shall report on the outcome of such talks. The parties shall indicate whether assistance from the Court is needed in seeking settlement of the case. The Court will set a settlement conference before a magistrate judge upon request of all parties.

I. A hearing on Plaintiff's Application for Preliminary Injunction shall be held on September 3, 2025.

## Defendants' Position and Proposed Briefing Schedule

On March 17, 2025, the Parties submitted their Joint Memorandum Pursuant to the Court's March 14, 2025, Order. (Doc. 8.) In it, the Parties agreed that this matter was not urgent enough to warrant expedited consideration of a temporary restraining order, and that the Parties would endeavor to agree on a briefing schedule and procedure for *limited* discovery and evidence for a preliminary injunction hearing. Far from advancing a reasonable briefing schedule and procedure for limited discovery, Plaintiff instead proposes nothing less than full discovery on an extremely expedited schedule to address a straightforward preliminary injunction application centered on a single web domain name, and an Arizona state trademark registration that was ministerially granted and received no substantive review from state authorities. Plaintiff's proposed procedure includes experts, expert reports, multiple depositions, and nearly as many discovery requests as the maximum twenty-five (25) the Court normally allows throughout all fact discovery. *See* Hon. Judge Lanza's

Standard Case Management Order, ¶4. Worse, Plaintiff insists that Defendants be required to respond to the Application before and without the benefit of such extensive discovery.

As an initial matter, Defendants do not believe that any discovery is warranted, that the Court can readily address and dismiss Plaintiff's Application, fully rule on the pleadings, and invalidate the mark as a matter of law on the briefing alone.

**Accordingly, Defendants respectfully request that the Court order as follows:**

    A. Defendants shall file their response to the application for preliminary injunction on or before **May 30, 2025**.

    B. Plaintiff shall file its reply to Defendants' response to the application for preliminary injunction on or before **June 13, 2025**.

    C. After the filing of Defendants' response, the Parties and their counsel shall meet and engage in good faith settlement talks no later than **June 20, 2025**. Upon completion of such settlement talks, and in no event later than **June 27, 2025**, the parties shall file with the Court a joint report on settlement talks executed by or on behalf of all counsel. The report shall inform the Court that good faith settlement talks have been held and shall report on the outcome of such talks. The parties shall indicate whether assistance from the Court is needed in seeking settlement of the case. The Court will set a settlement conference before a magistrate judge upon request of all parties.

    D. The Court will exercise its discretion in determining whether to schedule a hearing, if necessary.

To the extent, however, the Court grants Plaintiff's request for some discovery, Defendants respectfully request that the Court limit the requests to five (5) per side, exclude experts, allow Defendants to file their response to the Application one month after the close of discovery, and require the Parties to submit a joint settlement report within two weeks of

Plaintiff filing its reply to the response. In the event the Court grants Plaintiff's request for discovery, Defendants respectfully request that the Court order as follows:

    A. The Parties shall propound limited discovery on or before **May 15, 2025**. Discovery shall be limited to no more than five (5) interrogatories, five (5) requests for documents, and five (5) requests for admissions, per side.

    B. Discovery responses shall be due on or before **June 12, 2025**.

    C. All discovery, including depositions, shall be completed forty-five (45) days after all discovery responses have been served, but no later than **July 28, 2025**.

    D. Defendants shall file their response to the application for preliminary injunction on or before **August 25, 2025**.

    E. Plaintiff shall file its reply to Defendants' response to the application for preliminary injunction on or before **September 8, 2025**.

    F. After the filing of Defendants' response, the Parties and their counsel shall meet and engage in good faith settlement talks no later than **September 22, 2025**. Upon completion of such settlement talks, and in no event later than **September 29, 2025**, the parties shall file with the Court a joint report on settlement talks executed by or on behalf of all counsel. The report shall inform the Court that good faith settlement talks have been held and shall report on the outcome of such talks. The parties shall indicate whether assistance from the Court is needed in seeking settlement of the case. The Court will set a settlement conference before a magistrate judge upon request of all parties.

    G. The Court will exercise its discretion in determining whether to schedule a hearing, if necessary.

63622616.1

7

DATED this April 30, 2025.

**RUSING LOPEZ & LIZARDI, P.L.L.C.**

*/s/ Matthew P. DeWeerdt*
Jonathan M. Saffer
Matthew P. DeWeerdt
*Attorneys for Plaintiff, Pedal Crawler Tours Tucson, LLC*

**HUSCH BLACKWELL LLP**

*/s/ Sharif Ahmed (with permission)*
Sharif Ahmed
*Attorneys for Defendants, Scottsdale Party Bikes, LLC, Scottsdale Party Bus Crawler, LLC, and Scottsdale Pink Pedal Tours, LLC.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 30, 2025, I electronically transmitted the attached document to the Clerk's office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to all counsel of record.

By:  */s/ L. Batista*